UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WILLIAM MITCHELL, | ) |
| Petitioner, | ) ) ) |
| vs. | ) Case No. 1:14-cv-837-WTL-TAB ) |
| BRIAN SMITH, | ) ) ) |
| Respondent. | ) |

**Entry Discussing Petition for Writ of Habeas Corpus**

The petition of William Mitchell for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. IYC 14-02-0219. For the reasons explained in this Entry, Mr. Mitchell's habeas petition must be denied.

**Discussion**

**A. Standard**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974).

**B. The Disciplinary Hearing**

On February 20, 2014, Lieutenant G. Roach wrote a Report of Conduct in case IYC 14-02-0219 charging Mr. Mitchell with assisting or conspiring to commit assault. The Report of Conduct states:

> On 2-19-14 I, Lt. G. Roach, was made aware of a potential assault that had happened on 2-18-14 in F-Unit Bed area. While viewing the cameras for 2-18-14 at approximately 5:37pm did observe two offenders holding on to an offender and another offender swinging a sock that appeared to contain a heavy object. The situation moved up and down the aisle with the one offender swinging the sock several times before the situation broke up. Sgt. T Hunter, Ofc. A. Riddell, and Ofc. J. Jellison who work South Dorm regularly were called to the Shift Office to identify the individuals on camera. All three staff members confirmed the identity of one of the two offenders holding the assaulted offender as Mitchell, William #208484. They also identified the recipient of this beating as Offender Williams, Brandon #121135. Offender Mitchell assisted in holding Offender Williams while the offender with the sock continually swung at Offender Williams. Offender Williams had been sent out on 2-18-14 to Hendrick's County Hospital Emergency Room receiving several staples to the head and was placed in HSU for observation due to severe strikes to the head.

On February 25, 2014, Mr. Mitchell was notified of the charge of assisting or conspiring to commit assault and served with the Report of Conduct and the Notice of Disciplinary Hearing "Screening Report." Mr. Mitchell was notified of his rights, pled not guilty and requested the appointment of a lay advocate. He requested two witnesses, Offenders Gates and Rivard, and he requested video surveillance of the event as physical evidence.

The hearing officer conducted a disciplinary hearing in IYC 14-02-0219 on March 6, 2014, and found Mr. Mitchell guilty of the charge of assisting in battery. In making this determination, the hearing officer considered the offender's statements, staff reports, evidence from witnesses, and photographic and video evidence. The hearing officer recommended and approved the following sanctions: a suspended 180 day disciplinary segregation, medical restitution of $500, a

360 day deprivation of earned credit time, and a demotion from credit class I to credit class III. Mr. Mitchell's appeals were denied and he filed the instant petition for habeas corpus relief.

**C. Analysis**

Mr. Mitchell challenges his disciplinary conviction arguing that 1) he was improperly denied a written detailed summary of the video as evidence and 2) his conviction was not supported by a preponderance of the evidence.

1. <u>Video Summary</u>

Mr. Mitchell argues that he was denied a written summary of the video as evidence and because that evidence was not presented, he was denied the opportunity to present a meaningful defense.

It is true that an inmate in a prison disciplinary hearing has a due process right to call witnesses and present documentary evidence in his defense. *Wolff*, 418 U.S. at 566. But an inmate in a prison disciplinary proceeding is not entitled to the full panoply of rights due a criminal defendant. *Id.* The denial of Mr. Mitchell's request to review the video did not violate his due process rights. Prisoners do not have an absolute right to view security videotapes. *Perotti v. Marberry,* 355 F3d. Appx. 39, 41 (7th Cir.2009) (Under *Wolff v. McDonnell,* prisoners' access to specific evidence may be restricted if it would be "unduly hazardous to institutional safety or correctional goals." and due process is protected where "the hearing officer personally viewed the videotape").

The parties appear to dispute whether Mr. Mitchell was provided a copy of the written summary of the video at the hearing. Whether he was presented with a written summary or not, however, he has not shown that his due process rights were violated. It is undisputed that the video

was considered by the hearing officer. Mr. Mitchell's right to present this evidence was not curtailed.

In reply in support of his habeas petition, Mr. Mitchell argues that Report of Disciplinary Hearing did not provide sufficient reasons to support the finding to satisfy due process. But that report stated: "DHB has considered all evidence to include offenders statement, witnesses statements, photo, video, and staff reports." Due process requires that an inmate subject to disciplinary action is provided "a written statement by the factfinders as to the evidence relied on and the reasons for the disciplinary actions." *Scruggs v. Jordan*, 485 F.3d 934, 941 (7th Cir. 2007). The written statement requirement, however, is not onerous. *See, e.g., Pardo v. Hosier,* 946 F.2d 1278, 1284 (7th Cir.1991); *Culbert v. Young,* 834 F.2d 624, 629 (7th Cir.1987); *Saenz v. Young,* 811 F.2d 1172, 1173–74 (7th Cir.1987). The statement need only illuminate the evidentiary basis and reasoning behind the decision. *Forbes,* 976 F.2d at 318; *Saenz,* 811 F.2d at 1173–74. That is what the Report provided here—the evidentiary basis behind the decision. Accordingly, Mr. Mitchell's due process rights were not violated.

### 2. Sufficient Evidence

Mr. Mitchell next challenges the sufficiency of the evidence against him. He asserts that his disciplinary action was not supported by a preponderance of the evidence and that he should not have been convicted because he never struck the victim. Mr. Mitchell has not shown that the evidence against him was insufficient. First, in a prison disciplinary proceeding, the standard is that a verdict of guilt must be supported by at least "some evidence," not a preponderance of the evidence. *See Hill*, 472 U.S. at 454.[1] The "some evidence" test is satisfied by "any evidence in the

---

[1] To the extent that Mr. Mitchell argues that Department of Correction Adult Disciplinary Procedure ("ADP") requires that a conviction be supported by a "preponderance of the evidence," violations of the ADP do not entitle prisoners to habeas corpus relief. *Estelle v. McGuire,* 502 U.S. 62 (1991).

record that could support the conclusion reached by the disciplinary board," even if "no direct evidence" exists; even if the circumstantial evidence is "meager," *Hill,* 472 U.S. at 455-57. A conduct report alone may provide "some evidence" of guilt, notwithstanding its brevity or the presence of conflicting evidence. *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999). Although the evidence before the hearing officer must "point to the accused's guilt," *Lenea v. Lane, 882* F.2d 1171, 1175 (7th Cir. 1989), the standard of 'some' evidence "does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Hill*, 472 U.S. at 457. The determination should be upheld if "there is any evidence in the record that could support the conclusion reached." *Id*. Even "meager" proof will suffice so long as "the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary." *Id*. Here, there was "some evidence" to support the conclusion of the hearing officer. This included Mr. Mitchell's statement, witness statements, the video, and staff reports.

Next, to the extent that Mr. Mitchell argues that he could not have been convicted of the charges against him because he did not hit the other inmate himself, the charge – assisting or conspiring to commit assault and battery – did not require that Mr. Mitchel have actually hit the victim. Mr. Mitchell held an inmate down while another offender battered him. This is sufficient to support the charge or assisting or conspiring to commit assault and battery.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Mitchell to the relief he seeks.

Accordingly, Mr. Mitchell's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

    **IT IS SO ORDERED.**

_William T Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Date: 7/8/15

Distribution:

William Mitchell
DOC # 208484
Plainfield Correctional Facility
727 Moon Road
Plainfield, IN 46168